1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MALIBU MEDIA, LLC,                    No.  2:15-cv-2701-JAM-KJN, et al.

12              Plaintiff,

13        v.                               ORDER

14   JOHN DOE SUBSCRIBER ASSIGNED
     IP ADDRESS 108.206.113.196, et al.
15

16
                Defendants.
17

18

19        On May 5, 2016, the court conducted a global hearing with respect to plaintiff Malibu

20   Media, LLC's *ex parte* motions to conduct expedited discovery that had been pending in several

21   related actions filed by plaintiff in the Sacramento division of this district.  In connection with

22   those motions, plaintiff lodged with the court for initial *in camera* review a status report

23   addressing various questions/issues outlined in the court's April 8, 2016 order scheduling the

24   May 5, 2016 hearing, as well as representative samples of plaintiff's settlement correspondence

25   and settlement agreements.  The status report was subsequently filed on the court's public docket,

26   and the exhibits to the status report, which contain confidential settlement correspondence and

27   ////

28   ////

                                1

settlement agreements, were filed under seal.[1]   At the May 5, 2016 hearing, plaintiff's sole owner, Colette Pelisseir Field, appeared along with counsel and responded to further questioning by the court.  Following that hearing, on May 10, 2016, the court issued a comprehensive order granting the motions to conduct expedited discovery in all of the related cases, subject to certain restrictions identified in that order.

Subsequently, plaintiff commenced several new actions, which were also ultimately related to this action on August 4, 2016.  Thereafter, on September 28, 2016, plaintiff filed *ex parte* motions to conduct expedited discovery in each of the newly-related actions, which were then submitted for decision on the record and written briefing without a hearing.

After carefully considering the court's record and the applicable law, IT IS HEREBY ORDERED that:

1. Based on the showing made in plaintiff's motions, as well as plaintiff's representations made in its status report filed in Malibu Media, LLC v. John Doe subscriber assigned IP address 108.206.113.196, 2:15-cv-2701-JAM-KJN, ECF Nos. 11, 12, and verbally at the May 5, 2016 hearing in that matter, the court finds that plaintiff has shown that good cause exists to conduct the requested expedited discovery in these cases in an attempt to identify the respective John Doe defendants.  See Semitool, Inc. v. Tokyo Electron Am, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002).  As such, plaintiff's motions are GRANTED, subject to the restrictions outlined below.

2. Plaintiff may immediately serve a Rule 45 subpoena ("Subpoena") on the internet service provider ("ISP") identified in Exhibit A to the operative complaint in each case, or on any other entity identified as providing internet services to the John Doe defendant at the particular IP address, to obtain information to identify the John Doe defendant; more specifically, his or her *name and address*.  The ISP shall NOT release the subscriber's telephone number or e-mail address.  A copy of this order shall be

---

[1] Those documents were filed on the court's docket in the first-filed case, Malibu Media, LLC v. John Doe subscriber assigned IP address 108.206.113.196, 2:15-cv-2701-JAM-KJN, ECF Nos. 11, 12.

attached to the Subpoena in each case.

3. The ISP shall have 30 days from the date of service of the Subpoena upon it to serve the John Doe defendant with a copy of the Subpoena and a copy of this order. The ISP may serve the John Doe defendant using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service.

4. The John Doe defendant shall have 60 days from the date of service of the Subpoena and this order upon him or her to file any motions with this court contesting the Subpoena (including a motion to quash or modify the Subpoena), as well as any request to litigate the Subpoena anonymously. The ISP may NOT turn over the John Doe defendant's identifying information to plaintiff before the expiration of this 60-day period. Additionally, if the John Doe defendant or ISP files a motion to quash the Subpoena, the ISP may not turn over any information to the plaintiff until the motion has been resolved by the court. A John Doe defendant who moves to quash or modify the subpoena, or to proceed anonymously, shall at the same time as his or her filing notify the ISP so that the ISP is on notice not to release any of the John Doe defendant's information to plaintiff until the court rules on any such motions.

5. If the above-mentioned time periods elapse without the John Doe defendant or ISP contesting the Subpoena, the ISP shall have 10 days to produce the information responsive to the Subpoena to plaintiff.

6. Upon service with the Subpoena, the ISP shall preserve any subpoenaed information until either the information is produced to plaintiff or a timely-filed motion to quash the subpoena is resolved by the court.

7. Any information ultimately disclosed to plaintiff in response to a Subpoena may be used by plaintiff for the sole purpose of protecting plaintiff's rights as set forth in the operative complaint.

This order resolves all pending *ex parte* motions for expedited discovery in the following cases, and shall be filed by the Clerk of Court on the dockets of all the following cases:

1     2:16-cv-01708-JAM-KJN     ECF No. 15

2     2:16-cv-01709- JAM-KJN     ECF No. 16

3     2:16-cv-01710- JAM-KJN     ECF No. 9

4     2:16-cv-01711- JAM-KJN     ECF No. 8

5     2:16-cv-01712- JAM-KJN     ECF No. 9

6     2:16-cv-01713-JAM-KJN     ECF No. 6

7     2:16-cv-01714- JAM-KJN     ECF No. 7

8     2:16-cv-01715- JAM-KJN     ECF No. 8

9     2:16-cv-01716- JAM-KJN     ECF No. 8

10     2:16-cv-01717- JAM-KJN     ECF No. 7

11     2:16-cv-01718- JAM-KJN     ECF No. 7

12     2:16-cv-01719- JAM-KJN     ECF No. 7

13     2:16-cv-01720- JAM-KJN     ECF No. 7

14     2:16-cv-01721- JAM-KJN     ECF No. 8

15     2:16-cv-01722-JAM-KJN     ECF No. 6

16     2:16-cv-01723- JAM-KJN     ECF No. 7

17     2:16-cv-01724- JAM-KJN     ECF No. 8

18     2:16-cv-01725- JAM-KJN     ECF No. 6

19     2:16-cv-01726- JAM-KJN     ECF No. 6

20     2:16-cv-01727- JAM-KJN     ECF No. 7

21     2:16-cv-01728- JAM-KJN     ECF No. 8

22     2:16-cv-01729- JAM-KJN     ECF No. 8

23     2:16-cv-01733- JAM-KJN     ECF No. 7

24        IT IS SO ORDERED.

25     Dated:  October 11, 2016

26

27                             KENDALL J. NEWMAN
                              UNITED STATES MAGISTRATE JUDGE

28